# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * | | |
| JANICE D. ADAMS, * | No. 14-231V | |
| * | Special Master Christian J. Moran | |
| Petitioner, * | | |
| * | Filed: December 9, 2016 | |
| v. * | | |
| * | | |
| SECRETARY OF HEALTH * | Damages; Tetanus-Diphtheria- | |
| AND HUMAN SERVICES, * | Acellular Pertussis ("Tdap") | |
| * | Shoulder injury related to vaccine | |
| Respondent. * | administration. ("SIRVA"). | |
| * * * * * * * * * * * * * * * * * * * * * * | | |

<u>Elizabeth M. Muldowney</u>, Rawls, McNelis and Mitchell, P.C., Richmond, VA, for Petitioner;
<u>Ann D. Martin</u>, United States Department of Justice, Washington, DC, for Respondent.

## **UNPUBLISHED DECISION AWARDING DAMAGES**[1]

On March 26, 2014, Janice D. Adams (previously, Whitfield) filed a petition seeking compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-1 et seq., alleging that the Tetanus-Dephtheria-Acellular Pertussis vaccination caused her to suffer a shoulder injury related to vaccine administration ("SIRVA"). On February 23, 2015, the undersigned ruled, based upon respondent's concession, see Respondent's Report, filed February 19, 2015, that petitioners are entitled to compensation under the Vaccine Act.

On December 9, 2016, respondent filed a Proffer on Award of Compensation, to which petitioner agrees. Based upon the record as a whole, the special master finds the proffer reasonable and that petitioner is entitled to an

---

[1] The E-Government Act, 44 § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

award as stated in the Proffer. Pursuant to the attached Proffer the court awards petitioner:

1. **A lump sum payment of $1,469,457.34, representing compensation for life care expenses expected to be incurred during the first year after judgment ($21,139.48), lost earnings ($1,221,078.00), pain and suffering ($221,591.39), and past unreimbursable expenses ($5,648.47), in the form of a check payable to petitioner, Janice Adams. This amount represents compensation for all damages that would be available under 42 U.S.C. §300aa-15(a), except as set forth below in paragraph 2; and**

2. **An amount sufficient to purchase the annuity contract described in paragraph II.B of the proffer attached hereto as "Appendix A," paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").[2]**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment in case 14-231V according to this decision and the attached proffer.[3]

Any questions may be directed to my law clerk, Dan Hoffman, at (202) 357-6360.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one
of the following ratings from two of the following rating organizations:
  a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;
  b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;
  c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;
  d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-,
  e. AA, AA+, or AAA.

[3] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JANICE D. ADAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 14-231V |
| v. ) | Special Master Moran |
| ) | ECF |
| SECRETARY OF HEALTH AND ) | |
| HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I.    Items of Compensation**

   A.   Life Care Items

Respondent engaged life care planner Laura Fox, MSN, BSN, RN, CNLCP, and petitioner engaged Susan Riddick Graham, RN, BA, CCM, to provide an estimation of Janice Adams's future vaccine-injury related needs.  For the purposes of this proffer, the term "vaccine related" is as described in the Special Master's Ruling on Entitlement, filed February 23, 2015.  All items of compensation identified in the joint life care plan are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for Janice Adams, attached hereto as Tab A.[1]  Respondent proffers that Janice Adams should be awarded all items of compensation set forth in the joint life care plan and illustrated by the chart attached at Tab A.  Petitioner agrees.

---

[1] The chart at Tab A illustrates the annual benefits provided by the joint life care plan. The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

B.  Lost Earnings

The parties agree that based upon the evidence of record, petitioner has suffered a past loss of earnings and will suffer a loss of earnings in the future. Therefore, respondent proffers that Janice Adams should be awarded lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A). Respondent proffers that the appropriate award for Janice Adams's lost earnings is $1,221,078.00. Petitioner agrees.

C.  Pain and Suffering

Respondent proffers that petitioner should be awarded $221,591.39 in actual and projected pain and suffering. This amount reflects that any award for projected pain and suffering has been reduced to net present value. See 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

D.  Past Unreimbursable Expenses

Evidence supplied by petitioner documents her expenditure of past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $5,648.47. Petitioner agrees.

E.  Medicaid Lien

Petitioner represents that there are no Medicaid liens outstanding against her.

II. **Form of the Award**

The parties recommend that the compensation provided to petitioner should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Special Master's decision and the Court's judgment award the following:[2]

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

A.  A lump sum payment of $1,469,457.34, representing compensation for life care expenses expected to be incurred during the first year after judgment ($21,139.48), lost earnings ($1,221,078.00), pain and suffering ($221,591.39), and past unreimbursable expenses ($5,648.47), in the form of a check payable to petitioner, Janice Adams.

B.  An amount sufficient to purchase an annuity contract,[3] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[4] from which the annuity will be purchased.[5]  Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Janice Adams, only so long as she is alive at the time a particular payment is due.  At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual or other installments.  The "annual amounts" set forth in the chart at Tab A

---

[3] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[4] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

> a.  A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;
>
> b.  Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;
>
> c.  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;
>
> d.  Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

[5] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

1. Growth Rate

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items. Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items. Petitioner agrees.

2. Life-Contingent Annuity

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she, Janice Adams, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Janice Adams's death.

3. Guardianship

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

**III.   Summary of Recommended Payments Following Judgment**

    A.    Lump Sum paid to petitioner, Janice Adams:    **$1,469,457.34**
    B.    An amount sufficient to purchase the annuity contract described above in section II. B.

        Respectfully submitted,

        BENJAMIN C. MIZER
        Principal Deputy Assistant Attorney General

        C. SALVATORE D'ALESSIO
        Acting Director
        Torts Branch, Civil Division

        CATHARINE E. REEVES
        Acting Deputy Director
        Torts Branch, Civil Division

        LINDA S. RENZI
        Senior Trial Counsel
        Torts Branch, Civil Division

        s/ Ann D. Martin
        ANN D. MARTIN
        Senior Trial Attorney
        Torts Branch, Civil Division
        U.S. Department of Justice
        P.O. Box 146
        Benjamin Franklin Station
        Washington, D.C.  20044-0146
        Telephone: (202) 307-1815

Dated:  December 9, 2016

# TAB A

**Appendix A: Items of Compensation for Janice Adams**   Page 1 of 1

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Years 2-6 | Compensation Years 7-24 | Compensation Years 25-Life |
|---|---|---|---|---|---|---|---|
| | | | | 2016 | 2017-2021 | 2022-2039 | 2040-Life |
| Medicare Part B Premium | 5% | | M | 1,461.60 | 1,461.60 | 1,461.60 | |
| Medicare Part B Deductible | 5% | | | | | | 166.00 |
| Medigap G | 5% | | M | | | | 1,233.36 |
| Medicare Part D | 5% | | M | | | | 2,892.60 |
| Psych Counseling | 4% | * | | 960.00 | 480.00 | | |
| Crisis Counseling | 4% | | | | | 80.00 | |
| Psychiatric Treatment in Day Program | 0% | | | 4,550.00 | | | |
| Acetaminophen | 5% | * | M | 168.00 | 168.00 | 168.00 | |
| Bupropion | 5% | * | M | 75.72 | 75.72 | 75.72 | |
| Duloxetine | 5% | * | M | 564.00 | 564.00 | 564.00 | |
| Rid-a-pain Cream | 4% | | M | 455.76 | 455.76 | 455.76 | 455.76 |
| Tizanidine | 5% | * | M | 168.00 | 168.00 | 168.00 | |
| Lyrica | 5% | * | M | 564.00 | 564.00 | 564.00 | |
| TENS | 4% | * | | | | | |
| Electrodes | 4% | * | | 496.40 | 496.40 | 496.40 | 496.40 |
| Supplies for Independence | 4% | | | 200.00 | 40.00 | 40.00 | 40.00 |
| Homemaker | 4% | | M | 10,920.00 | 10,920.00 | 10,920.00 | 10,920.00 |
| Cervical Spine Injections | 5% | * | | 120.00 | 120.00 | 120.00 | |
| Drug Screening | 5% | * | | 76.00 | 76.00 | 76.00 | |
| Psychiatrist | 5% | * | | 360.00 | 360.00 | 360.00 | |
| Lost Future Earnings | | | | 1,221,078.00 | | | |
| Pain and Suffering | | | | 221,591.39 | | | |
| Past Unreimbursable Expenses | | | | 5,648.47 | | | |
| Annual Totals | | | | 1,469,457.34 | 15,949.48 | 15,549.48 | 16,204.12 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($21,139.48), lost earnings ($1,221,078.00), pain and suffering ($221,591.39), and past unreimbursable expenses ($5,648.47): $1,469,457.34.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.