# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * *   *
JANICE D. ADAMS,                         *
                                         *      No. 14-231V
                    Petitioner,          *      Special Master Christian J. Moran
                                         *
v.                                       *      Filed: December 13, 2017
                                         *
SECRETARY OF HEALTH                      *      Attorneys' fees and costs; waiver
AND HUMAN SERVICES,                      *
                                         *
                    Respondent.          *
* * * * * * * * * * * * * * * * * * *   *
```

Elizabeth M. Muldowney, Sands Anderson PC, Richmond, VA, for Petitioner;
Ann D. Martin, United States Dep't of Justice, Washington, DC, for Respondent.

### UNPUBLISHED DECISION AWARDING
### ATTORNEYS' FEES AND COSTS[1]

After receiving compensation through the Vaccine Program, Janie D. Adams filed a motion for attorneys' fees and costs. Ms. Adams is awarded the full amount of her amended request, **$120,049.76**.

* * *

Ms. Adams alleged that the tetanus-diphtheria-acellular pertussis (Tdap) vaccination caused her to suffer a shoulder injury related to vaccine administration ("SIRVA"). The Secretary eventually conceded that she was entitled to

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

compensation.  Ruling finding Entitlement, issued Feb. 23, 2015, 2015 WL 1290087.

After a long period of negotiations regarding the amount of compensation, the parties reached an agreement about the compensation, which they submitted as a proffer.  The proffer was incorporated into a decision awarding Ms. Adams compensation.  Decision, issued Dec. 9, 2016, 2016 WL 7634846.  With the merits of Ms. Adams's case resolved, the parties addressed attorneys' fees and costs.

Ms. Adams filed an initial attorneys' fees and costs petition on March 13, 2017.  Ms. Adams incurred no costs personally.  See exhibit 51 (General Order #9 statement).

The Secretary filed a response representing that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Resp't's Resp., filed Mar. 28, 2017, at 2.  The Secretary did not raise any specific objections and recommended that the Special Master "exercise his discretion" when determining a reasonable award.  Id. at 3.

Ms. Adams reaffirmed her fees request in a reply filed on March 28, 2017. In response to an order, Ms. Adams filed a memorandum and an amended fees petition requesting a total of $120,049.76 ($100,094.40 in fees and $19,955.36 in costs).

This matter is now ripe for adjudication.

\*     \*     \*

Because Ms. Adams received compensation, she is entitled to an award of reasonable attorneys' fees and costs.  42 U.S.C. § 300aa–15(e).

Pursuant to the rationale established in Swintosky v. Sec'y of Health & Human Servs., No. 12-403V, 2017 WL 5899239 (Fed. Cl. Spec. Mstr. Nov. 6, 2017),[2] the Secretary has waived any objections to the amount of fees requested. Absent any objections, Ms. Adams' request for attorneys' fees and costs is GRANTED IN FULL:

---

[2] In Swintosky, the parties submitted a joint notice of decision not to seek review of the Fees Decision.

**A lump sum of $120,049.76 in the form of a check made payable to petitioner and petitioner's attorney, Elizabeth M. Muldowney, for attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e).**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.